UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Darryl Walker,<br><br>                          Plaintiff,<br><br>-against-<br><br>Police Officer Bryan Jimenezvilla,<br><br>Individually ,<br><br>And as an employee of the County of Bronx Police Department.<br><br>                          Defendant. | **COMPLAINT**<br>**JURY TRIAL**<br>**DEMANDED**<br>**CIVIL ACTION No. :**<br><br>25-CV-2450 |

---

Plaintiff, DARRL WALKER, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his First Complaint in this action against Defendant Police Officer Bryan Jimenezvilla as follows:

## NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of false arrest and malicious prosecution, when the County of Bronx Police Department, through its Police officer Bryan Jimenezvilla, arrested and prosecuted Plaintiff on May 18, 2024, without probable cause.

2. Plaintiff was falsely arrested, and maliciously prosecuted by the Defendant in the County of Bronx without probable cause.

1

3. Accordingly, this action is brought to remedy a violation of the Fourth Amendment of the United States Constitution, actionable under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

4. This action arises under the Fourth Amendment of the United States Constitution actionable under 42 U.S.C. § 1983.

5. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Darryl Walker is a citizen of United States currently resides in the Bronx, Bronx County, New York.

8. Defendant, Bryan Jimezvilla was a police officer at the Bronx County Police Department at the time of the incident and upon information and belief, a citizen of New York. Bryan Jimenezvilla had an office at the 7th Precinct Police Department located at 737 Melrose Avenue, Bronx, NY 10451.

## FACTUAL ALLEGATIONS

9. Plaintiff currently resides in the Bronx, Bronx County, New York.

10. On May 17, 2024, Plaintiff's brother had been arrested. In seeking for his brother, Plaintiff spoke to two precincts, the 42nd, and the PSA 7. After speaking with the officers of the 7th Precinct, Plaintiff explained that he was locked out his house, and that his brother had his keys. The officers asked Plaintiff to come to the precinct to retrieve his keys.

11. Plaintiff went to the precinct as directed by the officers he spoke with over the phone. When Plaintiff arrived at the precinct, he waited for about an hour to get any information. An officer came and informed that they had been 15 people arrested, and that they were too busy to assist him at that time. The officer further informed that that a firearm was found during the arrest.

12. Understanding the seriousness of the situation, Plaintiff left assuming it would take longer to retrieve his keys.

13. The On the next day, on May 18, 2024, Plaintiff returned to the precinct to retrieve his keys. Plaintiff was arrested at the precinct when he arrived.

14. Plaintiff was incarcerated from May 18, 2024, to May 20, 2024.

15. Plaintiff was under the jurisdiction until December 02, 2024, when the matter was dismissed, and terminated in favor of Plaintiff.

16. Officer Bryan Jimenezvilla at PSA 7, arrested and prosecuted Plaintiff without probable cause.

3

## FOR THE FIRST CAUSE OF ACTION BASED UPON FALSE ARREST
42 U.S.C. § 1983
(Against Police Officer Bryan Jimenezvilla)

17. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-16 of this Complaint with the same force and effect as if fully set forth herein.

18. By its acts and practices described above, Defendant, Officer Bryan Jimenezvilla (Defendant hereinafter) deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : false arrest thereby causing serious harm to Plaintiff's health, reputation and emotion, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage.

19. That all times herein after mentioned Defendant wrongfully and intentionally detained and falsely arrested Plaintiff at the 7th Precinct , Bronx Police Department, and later at Dutchess County Jail.

20. That Defendant detained, arrested Plaintiff and placed Plaintiff under arrest.

21. That Defendant intended to arrest Plaintiff.

22. That Defendant held Plaintiff by his both hands and put Plaintiff in handcuffs.

23. That Plaintiff's arrest was based on the accusatory instruments drafted by Defendant.

24. That the arrest was warrantless.

25. That Plaintiff was falsely arrested and charged, with Criminal Trespass in the Third Degree, a B Misdemeanor in violation of New York Penal Law (NYPL) 140.10 (a) ; and with a trespass, in violation of NYPL 140.05, a violation. Plaintiff was arraigned on the charges on May 20, 2024.

26. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff stated that he was innocent and should not be arrested. Plaintiff further stated that he did not commit a crime.

27. That all charges were dismissed against Plaintiff on December 02, 2024.

28. That the confinement was not otherwise privilege.

29. That the officers acted extra judicially.

30. That Plaintiff's arrest was unlawful.

31. That Plaintiff was incarcerated, and after his release, could not leave the jurisdiction of the Court until the charges had been dismissed.

32. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff were carried out without a warrant, without Plaintiff's consent, and without probable cause , in violation of the rights guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

33. The Officer Defendant's actions were without authority of law and were an abuse of the Officer Defendant, and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendment of the United States Constitution as made actionable by 42 U.S.C. § 1983.

34. Defendant acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

35. In taking the actions complained of in the foregoing paragraphs, the Officer Defendant acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as New York City Police Department Officer.

36. As a direct and proximate result of Defendant's false arrest, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional, psychological harm.

37. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SECOND CAUSE OF ACTION BASED UPON MALICIOUS PROSECUTION
42 U.S.C. § 1983
(Against Police Officer Bryan Jimenezvilla)

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 17-37 of this Complaint with the same force and effect as if fully set forth herein.

39. By its acts and practices described above, Defendant, Police Officer Bryan Jimenezvilla deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth Amendment of the United States Constitution, by, *inter alia* : malicious prosecution, thereby causing Plaintiff serious emotional and physical harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

40. That Plaintiff was wrongfully and intentionally and maliciously prosecuted in Bronx County Criminal Court.

41. That the charges against Plaintiff were baseless, and the information was without probable cause.

42. That Plaintiff was falsely arrested and charged, with Criminal Trespass in the Third Degree, a B Misdemeanor in violation of New York Penal Law (NYPL) 140.10 (a) ; and with a trespass, in violation of NYPL 140.05, a violation. Plaintiff was arraigned on the charges on May 20, 2024.

43. That Plaintiff's prosecution was commenced on May 20, 2024, and continued until December 02, 2024 when all charges were dismissed.

44. That Police Officer Bryan Jimenezvilla drafted and signed the accusatory instruments.

45. That Police Officer Bryan Jimenezvilla drafted, signed and filed the accusatory instruments with the Court.

46. That the Officer Defendant forwarded the accusatory instrument to the district attorney office as well.

47. That the Defendant initiated and commenced the criminal proceedings against Plaintiff.

48. That all charges against Plaintiff were dismissed on December 02, 2024, before the Bronx Criminal Court.

49. That the criminal proceeding against Plaintiff terminated in a manner that the proceeding cannot be brought again.

50. That the criminal proceeding terminated in favor of Plaintiff.

51. That the arrest of May 18, 2024, was not based on probable cause.

52. That Police Officer Bryan Jimenezvilla had no probable cause to arrest Plaintiff.

53. That the initiation and continuation of prosecution proceedings against Plaintiff were malicious.

54. That the officers are not entitled to qualify immunity.

55. That the Officer Defendant deprived Plaintiff of the constitutional rights secured by the Fourth and actionable under 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by maliciously prosecuting Plaintiff without probable cause.

56. In taking the actions complained of in the foregoing paragraphs, the Officer Defendant acted under pretense and color of state law, in their individual and official capacities, and within the scope of his respective employment as Bronx County Police Department Officer.

57. The Officer Defendant's actions were without authority of law and were an abuse of the Officer Defendant, and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendment of the United States Constitution as made actionable by 42 U.S.C. § 1983.

58. Defendant acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

59. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

60. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows :

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, loss of wages, loss of career, family and social disruption and other grievous harm, in an amount to be determined at trial;

b) Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial; and

d) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated: At Wappingers Falls, New York
       March 24 , 2025

By: \_\_\_/s/ryannekonan_____
Ryanne Konan, Esq. (RK2889)
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590
Tel: (888) 536-1434
Fax: (845) 231-0508
Konanlawoffice@gmail.com